# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CRYSTAL SUCKIE**                                                                 **PLAINTIFF**

**V.**                                                                       **CASE NO._____**

**CONN APPLIANCE, INC.**                                                           **DEFENDANT**

## NOTICE OF REMOVAL

### TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE:  Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b), and Rule 81(c) of the Federal Rules of Civil Procedure, Defendant Conn Appliances, Inc. (improperly styled in the Amended Complaint as above) ("Conn's") hereby removes this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.  The following is Conn's short and plain statement of the grounds for removal of this civil action:

1.      Plaintiff Crystal Suckie ("Suckie") filed her original Complaint on March 20, 2023, in the Ninth Judicial Circuit in and for Orange County, Florida, thereby initiating a civil action styled: *Crystal Suckie v. Conn Appliance, Inc.* and pending as Case No. 2023-CA-003972 on the docket of that court.  *See* Complaint, attached hereto as Exhibit "A."  Before serving Conn's with the original Complaint, Suckie filed an Amended Complaint, bearing the same case number as the original, on May 18, 2023.  *See* Amended Complaint, attached hereto as Exhibit "B."  Suckie served Conn's with the

Amended Complaint on May 26, 2023. *See* Service Confirmation, attached hereto as Exhibit "C."

2.      In her Amended Complaint, Suckie seeks damages from Conn's for personal injuries she alleged suffered while visiting a Conn's retail store, located at 7407 W. Colonial Drive, Orlando, Florida 32818, on November 11, 2021. *See* Exhibit "B.*"* The Amended Complaint also includes a fictitious Defendant, "Jane Doe," who Suckie claims was a manger at the store where the alleged accident occurred. *Id.*

3.      This Court has original jurisdiction of this action, under 28 U.S.C. §§ 1332 and 1441(a) because this is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of costs.

4.      Suckie was at the time of the filing of the Amended Complaint a "natural person residing in Orange County, Florida." *Id.* It is well established that a party's residence is *prima facie* evidence of a party's domicile. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir.1954); *Deckers v. Kenneth W. Rose, Inc.*, 592 F.Supp. 25, 28 (M.D.Fla.1984). For purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir.2002). Thus, Suckie is a citizen of Florida.

5.      Suckie's Amended Complaint does not state Conn's state of citizenship. Instead, it alleges that Conn's is "a business formed under the laws of the State of Florida" (which is incorrect) and that it is authorized to do business in the State of Florida.

6.     Conn's is a corporation organized, existing and doing business under and by virtue of the laws of the state of Texas.  Its corporate headquarters is located at 2445 Technology Forest Boulevard, Suite 800, The Woodland, Texas 77391.  Thus, Conn's is a citizen of Texas.

7.     Suckie alleges that fictitious defendant "Jane Doe" resides in Orange County, Florida.  But "Jane Doe's" citizenship is irrelevant for the purposes of assessing this Court's diversity jurisdiction. §1441(b); *Smith v. Comcast Corp*., 786 Fed. App'x 935, 939 (11th Cir. 2019).  Similarly, given that "Jane Doe" is a fictitious party and, thus, cannot be served with process, much less weigh in on the removal of this action, Conn's was not required to obtain "Jane Doe's" consent to this Notice of Removal. §1446(b)(2)(A); *Laposa v. Walmart Stores E. LP*, No. 2:20-cv-182-FtM-29NPM, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020).

8.     Suckie's Amended Complaint does not allege a specific amount of damages incurred, seeking only a recovery in excess of $50,001.  *Id.*  Thus, Conn's must prove by a preponderance of the evidence that the amount in controversy exceeds the […] jurisdictional requirement."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  Conn's can satisfy this burden by showing that it is "facially apparent" from the Amended Complaint that the claims probably exceed $75,000 and/or through submission of other probative evidence.  *Id.*

9.     Here, both the allegations of the Amended Complaint and correspondence from Suckie's own counsel demonstrate that the amount in controversy probably exceeds $75,000.  In the Amended Complaint Suckie alleges that as a result of Conn's negligence

3

she suffered catastrophic, permanent injuries and damages including: "a permanent injury to the body as a whole, pain and suffering both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense and hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life." *See* Exhibit "B."

10.     Furthermore, Suckie's counsel provided Conn's with a detailed settlement demand package, wherein he represented that Suckie's physician opined that Suckie suffered a permanent injury due to the accident and would require future medical treatment.  *See* December 12, 2022 correspondence, attached hereto as Exhibit "D[1]."  Based on these representations, Suckie's counsel indicated that he would ask a jury to award in excess of $3.5 million to compensate Suckie.  *Id.*  Florida District Courts have found similar evidence sufficient to demonstrate that the amount in controversy likely exceeded the jurisdictional minimum.  *See Carter v. Tractor Supply,* No. 8:22-cv-1784-JSM-AEP, 2022 WL 4944620, at * 2 (M.D. Fla. October 4, 2022; *Grossi v. State Farm Mut. Auto. Ins. Co.,* No. 8:14-cv-2530-T-35TGW, 2014 WL 12703739, at *2 (M.D. Fla. Dec. 1, 2014); *Katz v. J.C. Penney Corp.*, No. 09–CV–60067, 2009 WL 1532129, at *5 (S.D. Fla. June 1, 2009).  The same conclusion is warranted here.

11.     Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

---

[1] Conn's has removed the attachments from the letter because they contain Suckie's protected health information.  Conn's will file these materials under seal, should the Court so instruct.

12.     As required by 28 U.S.C. § 1446(a), a copy of the entire state court file for this matter is attached hereto as Exhibit "E."

13.     Conn's will promptly give Suckie written notice of the filing of this Notice of Removal, as required under 28 U.S.C. § 1446(d).

14.     A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of Court for Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida as also required by 28 U.S.C. § 1446(d).  See Exhibit "F."

15.     Conn's was served with Suckie's Amended Complaint on May 26, 2023. Therefore, this Notice is timely.

WHEREFORE, Defendant Conn Appliances, Inc. respectfully requests that this Notice of Removal and Exhibits hereto be received and filed, and that this action be removed to the United States District Court for the Middle District of Florida, Orlando Division, with the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida proceeding no further herein.

Respectfully submitted, this the 7th day of June 2023.

**CONN APPLIANCES, INC.,**
**DEFENDANT**

BY:     */s/ James L. Banks IV*
          James L. Banks IV
          (FL Bar 1035232)

          *Attorney for Conn Appliances, Inc.*

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 E. Capitol Street, Suite 2200
Jackson, Mississippi 39201-2375
Post Office Box 22608
Jackson, Mississippi 39225-2608
O: 601-960-3178
F: 601-960-8613
jake.banks@formanwatkins.com

## **CERTIFICATE OF SERVICE**

I, James L. Banks IV one of the attorneys for Conn Appliances, Inc. do hereby

certify that I have this day served a true and correct copy of the above and foregoing

pleading via U. S. Mail to the following:

Michael Patrick, Esq.
Morgan & Morgan
20 N Orange Ave Suite 1600
Orlando, Florida 32801

Tiffany Moore Russell - Clerk
Circuit Court of the Ninth Judicial Circuit
425 N Orange Ave
Orlando, Florida 32901

This the 7th day of June, 2023.

By:    */s/ James L. Banks IV*
       James L. Banks IV
       (FL Bar 1035232)

### IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
### IN AND FOR ORAGE  COUNTY, FLORIDA

### CIVIL DIVISION

### CASE NO:

**CRYSTAL SUCKIE,**

      **Plaintiff,**

vs.

**CONN APPLIANCES, INC.,**

      **Defendants.**

_____ /

### <u>COMPLAINT</u>

COMES NOW, Plaintiff, **CRYSTAL SUCKIE**, by and through the undersigned attorneys and sues the Defendant, **CONN APPLIANCES, INC.,** and alleges as follows:

1.      This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.      Plaintiff is a natural person residing in Orange County, Florida.

3.      At all times material to this action, CONN APPLIANCES, INC. was a foreign profit corporation licensed to do business in the State of Florida.

4.      At all times material hereto, Defendant was the owner and in possession of a certain business known as CONN APPLIANCES, INC. located at 7404 West Colonial Drive, Orlando, Orange County, Florida 32818, said business being that of a retail store, open to the general public, including the Plaintiff herein.

5.      On or about November 11, 2021, Plaintiff, CRYSTAL SUCKIE, visited Defendant's premises located at the above address as a business invitee.

## COUNT I – CLAIM OF NEGLIGENCE AGAINST
## DEFENDANT, CONN APPLIANCES, INC.

6.      Plaintiff realleges and incorporates herein by reference paragraphs 1 through 5 above and further states:

7.      At said time and place, Plaintiff, CRYSTAL SUCKIE, was a guest at CONN APPLIANCES, INC., as described above, lawfully upon the premises of the Defendant, who owed Plaintiff a non-delegable duty to exercise reasonable care for her safety.

8.      At said time and place, Defendant breached its non-delegable duty owed to Plaintiff by committing one or more of the following omissions or commissions:

    a)      Negligently failing to maintain or adequately maintain the furniture, including the price tag plexy glass, to ensure safety from hazards to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

    b)      Negligently failing to inspect or adequately inspect the furniture, including the price tag plexy glass, as specified above, to ascertain whether the furniture constituted a dangerous hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c)    Negligently failing to inspect or adequately warn the Plaintiff of the danger of the furniture, including price tag plexy glass, when Defendant knew or through the exercise of reasonable care should have known that said furniture were unreasonably dangerous and that Plaintiff was unaware of same;

d)    Negligently failing to correct and/or maintain the unreasonably dangerous condition of the furniture on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e)    Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the furniture for dangerous conditions;

f)    Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g)    Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition as well as inspections of the premises/flooring for dangerous conditions;

h)    Negligently failing to act reasonably under the circumstances;

i)    Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations (i.e., stacking) would result in dangerous conditions including, but not limited to, falling items, to the general public, including the Plaintiff herein;

j)    Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community; and

k)    Negligently failing to render aid to the Plaintiff after her fall and/or negligently rendering aid to the Plaintiff after her fall.

9.    As a result, while Plaintiff was visiting Defendant's business, a price tag plexy glass fell off of the display furniture and lacerated Plaintiff, sustaining injuries as set forth.

10.    As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability,

disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, the Plaintiff, CRYSTAL SUCKIE, sues the Defendant, CONN APPLIANCES, INC., for damages and demands judgment in excess of FIFTY Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury on all issues so triable.

Respectfully submitted this __20th___ day of ___March_____, 2023

s/ Ty Hinnant
Ty Hinnant, Esquire
Florida Bar No.: 86772
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone:     (689) 219-2060
Facsimile:     (689) 219-2160
Primary Email: thinnant@forthepeople.com
Secondary email: gsaenz@forthepeople.com
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO: 2023-CA-003972-O

CRYSTAL SUCKIE

     Plaintiff,

vs.

CONN APPLIANCE INC. and JANE DOE,

     Defendants.

_____/

## AMENDED COMPLAINT

**COMES NOW** Plaintiff, CRYSTAL SUCKIE (hereinafter "Plaintiff"), and sues Defendants, CONN APPLIANCE INC. (hereinafter "Defendant Owner") and JANE DOE, and alleges:

1.     This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest, and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.     Plaintiff is a natural person residing in Orange County, Florida.

12178597

3.      At all times material to this action, Defendant Owner is a business formed under the laws of the State of Florida and licensed to do business in the State of Florida.

4.      At all times material hereto, Defendant Owner was the owner and/or responsible party, and in possession of that certain business located at 7407 W. Colonial Drive, Orlando, FL 32818, (hereinafter "Subject Premises") said business being open to the general public, including the Plaintiff herein.

5.      Upon information and belief, Defendant, Jane Doe, is a natural person residing in Orange County, Florida.

6.      Upon information and belief, at all times material to this action Defendant, Jane Doe, was employed by Defendant, CONN APPLIANCE INC., as manager over the subject premises.

7.      At all times material hereto, Defendant Owner and Jane Doe expressly assumed responsibility for the maintenance and cleanliness of the aforementioned premises and had a duty to maintain same in a reasonably safe condition for the use of business invitees and guests.

8.      Venue is proper in this Court as Defendant Owner conducts its business operations within Orange County, Florida and the incident giving rise to this action occurred in Orange County, Florida.

9.      On or about 11/11/2021, Plaintiff visited the Subject Premises located at the above address.

10.     At said time and place, Plaintiff was lawfully upon the premises of Defendant Owner, who owed Plaintiff a non-delegable duty to exercise reasonable care for Plaintiff's safety.

11.     At that time and place, Plaintiff suddenly and without warning sustained injuries as a result of Defendant's breach of the duty owed to Plaintiff.

12178597

EXHIBIT B

12.    As a result of the incident that occurred on or about 11/11/2021, Plaintiff sustained bodily injury.

### COUNT I-CLAIM OF NEGLIGENCE AGAINST DEFENDANT, CONN APPLIANCE INC.

13.    Plaintiff realleges the allegations in paragraphs 1 through 12 and further asserts:

14.    At all material times, Defendant Owner, through its agents and/or employees, owed a duty to its invitees and the public, to exercise reasonable and ordinary care to maintain the premises, located at 7407 W. Colonial Drive, Orlando, FL 32818, including the walkways, parking lots and adjacent areas thereto, in a condition reasonably safe for use by its invitees, and the public.

15.    At said time and place, Defendant Owner breached its non-delegable duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently failing to inspect or adequately inspect the premises, as specified above, to ascertain whether the cause of Plaintiff's injuries constituted a to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the Subject Premises, when Defendant knew or through the exercise of reasonable care should have known that said Subject

12178597

Premises was unreasonably dangerous and that Plaintiff was unaware of same;

d) Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the Subject Premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the Subject Premises for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the Subject Premises for dangerous conditions;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances;

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j) Negligently engaging in a routine practice of business that was not the reasonable custom of the community;

k)   Negligently failing to render aid to the Plaintiff after Plaintiff's injuries and/or negligently rendering aid to the Plaintiff after the injuries;

l)   Negligently engaging in a routine practice of business that was unreasonable to what is customary for the relevant business community in and/or around where the subject incident occurred.

m)  Negligently failing to install, maintain and provide a safe means of operating the Subject Premises;

n)   Negligently selecting and/or utilizing equipment or materials that failed to provide a safe means of operating for members of the public, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known injuries were likely to occur on the Subject Premises.

16.     As a result, while Plaintiff was lawfully visiting the Subject Premises, Plaintiff sustained injuries as set forth herein.

17.     As a direct and proximate result of the negligence of Defendant Owner, Plaintiff suffered bodily injury in and about Plaintiff's body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

12178597

**WHEREFORE**, the Plaintiff, CRYSTAL SUCKIE, sues the Defendant, CONN APPLIANCE INC., for damages and demands judgment in excess of Fifty Thousand and One Dollars ($50,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II – CLAIM OF NEGLIGENCE AGAINST DEFENDANT, JANE DOE

18.     Plaintiff reaffirms the allegations in paragraphs 1-12 above and would further assert.

19.     Upon information and belief, at all times material to this action Defendant, Jane Doe, was employed by Defendant, CONN APPLIANCE INC. as a store manager and was directly responsible for maintaining, managing, and operating the subject store and therefore is personally liable to Plaintiff. *White v. Wal-Mart Stores*, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2006): *Orlovsky v. Solid Surf*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

20.     At all times material to this action, Defendant, Jane Doe was directly responsible for executing Defendant, CONN APPLIANCE INC.'s previously described tortious conduct and is therefore personally liable to Plaintiff. *White*, 918 So. At 358: *Orlovsky*, 405 So. 2d at 1364.

21.     At all material times and by virtue of Defendant's management position with CONN APPLIANCE INC., Defendant, Jane Doe owed Plaintiff a duty to exercise reasonable and ordinary care to maintain Defendant Owner's premises in a condition reasonably safe for use by its invitees, and the public and to warn Plaintiff of any latent dangers in the store, or in its premises, and for supervising the employees working at said premises to ensure that they reasonably and safely maintained the premises and were in compliance with Defendant Owner's, policies and procedures.

22.     At said time and place, Defendant, Jane Doe breached these duties to Plaintiff by negligently failing to use reasonable care for the safety of the Plaintiff.

23.    As a direct and proximate result of Defendant Jane Does's negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, CRYSTAL SUCKIE, sues the Defendant, JANE DOE, for damages and demands judgment in excess of Fifty Thousand and One Dollars ($50,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted on this day of May 15, 2023.

/s/ Michael Patrick
Michael Patrick, Esq.
Florida Bar No.: 1002537
Morgan & Morgan, P.A.
20 N Orange Ave., Suite 1600
Orlando, Florida 32801
Telephone: (407) 849-4624
Primary email: mpatrick@forthepeople.com
Attorneys for Plaintiff

12178597

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2023, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and same will be furnished by Process Server to the Defendant all with the Summons.

> */s/ Michael Patrick*
> Michael Patrick, Esq.
> Florida Bar No.: 1002537
> Morgan & Morgan, P.A.
> 20 N Orange Ave., Suite 1600
> Orlando, Florida 32801
> Telephone: (407) 849-4624
> Primary email: mpatrick@forthepeople.com
> Attorneys for Plaintiff

12178597

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
05/26/2023
CT Log Number 543941274

## Service of Process Transmittal Summary

**TO:** Jennifer Taylor
Conn's, Inc.
2445 Technology Forest Blvd., Building 4, 8th Floor
The Woodlands, TX 77381

**RE:** **Process Served in Florida**

**FOR:** CONN APPLIANCES, INC.  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CRYSTAL SUCKLE // To: CONN APPLIANCES, INC.<br>Name discrepancy noted. |
| **CASE #:** | 2023CA0039720 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/26/2023 at 10:01 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/26/2023, Expected Purge Date: 05/31/2023 |
| | Image SOP |
| | Email Notification, Jennifer Taylor jennifer.taylor@conns.com |
| | Email Notification, Joy McPherson joy.mcpherson@conns.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1

EXHIBIT C



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, May 26, 2023
**Server Name:**                             Joseph Marker

| Entity Served | CONN APPLIANCE INC |
|---|---|
| Case Number | 2023-CA-003972-O |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |



EXHIBIT C



December 13, 2022

**PLEASE BE ADVISED THAT THIS LETTER CONTAINS A TIME SENSITIVE SETTLEMENT OFFER. ALL SECTIONS OF THIS PACKAGE ARE SUBMITTED FOR THE PURPOSE OF SETTLEMENT ONLY. PLEASE GIVE THIS LETTER YOUR IMMEDIATE ATTENTION.**

**CERTIFIED MAIL-RETURN RECEIPT**

12178597

Conn's HomePlus
Attention: Liability Risk Management Dept.
Attention: Liability Adjuster
19746 I-45
Spring, Texas 77373

RE:       Our Client:    Crystal Suckie
            Your Insured:   Conn's HomePlus
            Date of Loss:   11/11/2021
            Claim #:        Unknown

Dear Sir/Madam:

       As you are aware, our firm has been retained to represent Crystal Suckie in her negligence claim against your insured. After careful consideration, it is our belief that this claim has reached a point where settlement can and should be considered, thereby avoiding the undue costs associated with litigation. This claim can and should be resolved at this time.

**DATE OF INCIDENT:**

11/11/2021

**AGE/SEX:**

20 North Orange Ave, Suite 1600, Orlando, FL 32801 | (407) 420-1414 | ForThePeople.com

EXHIBIT D

23 years old / Female

**CAUSE OF INJURY:**

On November 11, 2021, our client, Crystal Suckie was at Conn's HomePlus located at 7407 West Colonial Drive, Orlando, Orange County, Florida. While she was walking, a piece of plexiglass fell and hit her left leg, leaving a 3-to-4-inch wound. The item wasn't fastened to the furniture and was heavy. As a result of the incident, Crystal Suckie suffered substantial injuries to her legs.

At all times relevant to the incident at issue, your insured, Conn's HomePlus, was covered under the above stated policy. It is clear that the incident is solely the fault of Conn's HomePlus.

As a result of the injuries that Crystal Suckie sustained due to your insured's negligence and through no fault of her own, she has suffered and continues to suffer from severe pain. Due to the nature of her injuries, it has made her daily life both painful and difficult.

**LIABILITY:** CLEAR.

It is our position that liability is clear and that the only issue to be negotiated in this case is the value of the bodily injury claim.

**NATURE OF INJURY:**

Following the incident on November 11, 2021, our client Crystal Suckie visited Dr. Brian McGraw, D.O. of AAA Physicians Group on April 11, 2022, for consultation, evaluation, and treatment of the injuries in which she sustained. Upon her visit, she was assessed and diagnosed with the following:
- Pain in left leg - M79.605 (Primary)
- Left calf pain at previous laceration site-rule out foreign body

She was given prescriptions and was recommended for MRI.

On April 30, 2022, Crystal Suckie visited Dr. Marlena Jbara, M.D. of SimonMed For MR evaluation of her TIB/FIB in which she sustained from the incident. Imaging results were reviewed and indicated the following findings:
- **MR TIB/FIB**
    - Mild deep fascial irregularity along the lateral border of soleus at junction of personal fascia consistent with sequelae of healed laceration
    - Mild perifascial inflammation with peroneal longus muscular atrophy

**ECONOMIC DAMAGES:**

| Provider | Amount |
|---|---|
| AAA Physicians Group | $675.00 |

EXHIBIT D

| Florida Emergency Physicians Kang & Associates | $487.00 |
| AdventHealth Primary Care | $250.00 |
| SimonMed Imaging | $2,702.00 |
| **TOTAL:** | **$4,114.00** |

**LIFE EXPECTANCY:**    59.01 years

**FUTURE MEDICAL TREATMENT:**

Given the nature of her injuries and the amount of pain that she continues to suffer, it is medically certain that Crystal Suckie will require additional medical treatment in the future to mitigate her injuries. Dr. Brian McGraw, D.O. of AAA Physicians Group, opined within a **reasonable degree of medical probability and/or certainty** that Crystal Suckie's injuries are directly related to the incident of 11/11/2021. Dr. Brian McGraw, D.O. of AAA Physicians Group, opined within **a reasonable degree of medical probability and/or certainty** that Crystal Suckie will require future medical treatment to mitigate the injuries that Crystal Suckie sustained in this incident.

**NON-ECONOMIC DAMAGES:**

Crystal Suckie's life was abruptly interrupted by the negligence of your insured when she had to seek medical treatment to mitigate the injuries she sustained in this incident. Crystal Suckie has had to undergo ongoing treatment. Crystal Suckie has consistently suffered, and experienced pain caused by the injuries she sustained in the incident. Dr. Brian McGraw, D.O. of AAA Physicians Group, opined within a **reasonable degree of medical probability and/or certainty** that Crystal Suckie sustained permanent injuries as a direct result of this incident. Therefore, Crystal Suckie is pursuing both economic and non-economic damages.

In the event this claim is not resolved in accordance with the terms and conditions of this demand, Plaintiff will present a customary per diem argument to the jury for non-economic damages.

A fair and reasonable amount to compensate Crystal Suckie for her pain, suffering, mental anguish, and inconvenience since 11/11/2021 is $10 per hour for *every waking hour* she has spent suffering with pain caused by the injuries she sustained in this incident. (Generally, 16 waking hours per day).

**PAST PAIN & SUFFERING:**

364 days since the incident x $10/hour x 16 hours per day = $58,240.00

Crystal Suckie continues to suffer and will continue to suffer from the injuries she sustained in this incident for the rest of her life. Our client will live for 59.02 years into the future. A fair and reasonable amount to compensate Crystal Suckie for her future pain and suffering is $10 per waking hours for the remainder of her life.

## FUTURE PAIN & SUFFERING:

59.02 years x 365 days/year x 16 hours/day x $10/hr = $3,446,768.00

## OFFER TO SETTLE:    **$175,000.00**

Based on the foregoing damages, it is our opinion that a reasonable settlement value for Crystal Suckie claim for bodily injuries, impairments, economic damages, and non-economic damages is well in excess of the policy limits.

This claim could and should be settled for $175,000.00. **This offer of settlement will remain open until January 30,2023.** By tendering the available policy limits at this time, we can spare all parties additional legal fees, costs, and delay. Please advise your insured of this pending time sensitive settlement offer.

**Please be advised that this settlement offer is conditioned upon:**

➢ **Settlement draft made payable to the Morgan & Morgan, P.A. Trust Account f/b/o Crystal Suckie, Tax ID 59-2920684, sent to my direct attention and received in our office, located at 20 N. Orange Avenue, Suite 1600, Orlando, FL 32801, and in my possession, no later than by 5pm Eastern Standard time.**
➢ **Written permission from Ms. Crystal Suckie's uninsured/underinsured motorist carrier to accept your insured(s) policy limits and an agreement between our office and your company regarding the language of the final release.**

**While not a condition to settle this claim, we are requesting the following in order to formally release your insured by release or otherwise:**

➢ **An affidavit of no other liability coverage executed by your negligent insured.**
➢ **An affidavit stating your negligent insured was not in the course & scope of their employment/agency must be executed and in my possession.**
➢ **An assets affidavit executed by your negligent insured and in my possession.**

**In the event Conn's HomePlus requires a release as a condition of settlement, then please be advised that my client will sign a mutual and general release should all other conditions be timely met.**

Enclosed please find all medical records and medical bills in our possession, which document the claim of Crystal Suckie to assist you in your evaluation. Please review the enclosed information and contact my Case Manager, Denise Ramos at (689) 219-2049 or

dramos@forthepeople.com to discuss settlement prior to our initiation of litigation.  My direct contact is (689) 219-2060 should you have any questions or require any other information to fairly evaluate this claim. We look forward to hearing from you soon in this regard.

Sincerely,

Ty Hinnant
TH/dr
Enclosures



Orange County Clerk - Court Records Search

## 2023-CA-003972-O : SUCKIE, CRYSTALvs.CONN APPLIANCES, INC et al.

| | | | |
|---|---|---|---|
| Case Type: | CA - Premises Liability - Commercial | Date Filed: | 3/20/2023 |
| Location: | Div 39 | UCN: | 482023CA003972A001OX |
| Judge: | Vincent Falcone | Status: | Pending |
| Citation Number: | CA - Premises Liability - Commercial | Appear By Date: | |

| Parties | | | |
|---|---|---|---|
| Name | Type | Attorney | Atty Phone |
| CRYSTAL SUCKIE | Plaintiff | MICHAEL PATRICK | 689-285-6925 |
| CONN APPLIANCES, INC | Defendant | | |
| JANE DOE | Defendant | | |

| Charge Details | | | | | |
|---|---|---|---|---|---|
| Offense Date | Charge | Plea | Arrest | Disposition | Sentence |

| Docket Events | |
|---|---|
| Date | Description | Pages |
| 5/30/2023 | Summons Returned Served | 16 |
| | Comments: CONN APPLIANCES, INC | |
| 5/24/2023 | Summons Issued on Amended Complaint | 4 |
| | Comments: emailed atty | |
| 5/18/2023 | Amended Complaint | 8 |
| 5/18/2023 | General Standing Case Management Plan/Order | 3 |
| 5/18/2023 | Notice of Change | 2 |
| | Comments: OF ATTORNEY OF RECORD AND DESIGNATION OF EMAIL ADDRESSES | |
| 5/18/2023 | Request to Produce | 7 |
| | Comments: TO DEFENDANT, CONN APPLIANCE INC. | |
| 5/18/2023 | Notice of Service of Answers to Interrogatories | 4 |
| | Comments: TO DEFENDANT, CONN APPLIANCE INC. | |
| 3/25/2023 | Summons Issued Electronically as to | 4 |
| | Comments: Emailed Issued Summon to the Attorney | |
| 3/20/2023 | Complaint | 4 |
| 3/20/2023 | Streamlined Standing Case Management Plan/Order | 3 |
| 3/20/2023 | Civil Cover Sheet | 3 |
| 3/20/2023 | Case Initiated | |

| Hearings | | | | |
|---|---|---|---|---|
| Date | Hearing | Time | Location | Pages |

| Financial |
|---|

EXHIBIT E

| Date | Description | Payer | Amount |
|------|-------------|-------|--------|
| 3/20/2023 | Transaction Assessment | | 410.00 |
| 3/20/2023 | Payment | Morgan and Morgan TPV | -410.00 |
| 5/18/2023 | Transaction Assessment | | 10.00 |
| 5/18/2023 | Payment | Michael Paul Patrick | -10.00 |
| | | Balance Due: | 0.00 |

| Bonds | | | |
|-------|-------------|-------------|--------|
| Description | Status Date | Bond Status | Amount |

| Warrants | | | | | | |
|--------|--------------------|------------|--------------|-------------|-----------------|--------------|
| Number | Status Description | Issue Date | Service Date | Recall Date | Expiration Date | Warrant Type |

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>   COUNTY, FLORIDA

<u>Crystal Suckie</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>Conn's HomePlus</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☒ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>1.00</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Ty Hinnant</u>       Fla. Bar # <u>86772</u>
      Attorney or party           (Bar # if attorney)

<u>Ty Hinnant____</u>         <u>03/20/2023</u>
 (type or print name)         Date

IN THE COUNTY/CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE AND OSCEOLA COUNTY, FLORIDA

IN RE: CIVIL CASE MANAGEMENT PLAN AND ORDER

_____/

## STANDING CASE MANAGEMENT PLAN/ORDER
### (General Track)

PURSUANT TO *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts*, **Fla. Admin. Order No. AOSC20-23 (Amendment 12)[1]** (**April 13, 2021**), and Ninth Judicial Circuit Court Administrative Order No. 2021-04-01 (collectively the "Case Management Administrative Orders"), this case is before the Court for case management. Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. & Jud. Admin., the Court hereby establishes a case management plan. It is hereby

**ORDERED** that:

1.      COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER: THE parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS. If the parties believe that an alternate plan is required or more appropriate, then the parties shall meet, confer and agree on a plan that complies with the time standards set forth in Rule 2.250, Fla. R. Gen. Prac. & Jud. Admin. The parties may submit an agreed upon plan to the division judge for consideration, or set the matter for a case management conference.

2.      ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES: All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)**; (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Courtroom Decorum Policy (AO 2003-07-02)** (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County (AO2017-04-01)** and (iv) **any division-specific guidelines that may be applicable**.

_____

[1] Administrative Order No. AOSC20-23 terminated at 12:01 a.m. on June 21, 2021 and was replaced by Administrative Order No. AOSC21-17.

12178597

3.     **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4.     **SERVICE OF THIS ORDER WITH INITIAL PROCESS:** Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case. Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

CASE MANAGEMENT PLAN – GENERAL TRACK
*Note: All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings: | Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Deadline for Completion of Fact and Expert Discovery: | 450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and *Daubert* Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case. A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 17 months<br>*Actual Date to be set by Trial Order* |
|---|---|
| Approximate Trial Date: | 18 months<br>*Actual date to be set by Trial Order* |

5. **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

6. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** in Orange/Osceola County, Florida.

_____
Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY: Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY: Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 04/29/2021

12178597

1

EXHIBIT E

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORAGE  COUNTY, FLORIDA**

**CIVIL DIVISION**

**CASE NO:**

**CRYSTAL SUCKIE,**

       **Plaintiff,**

vs.

**CONN APPLIANCES, INC.,**

       **Defendants.**

_____ /

**<u>COMPLAINT</u>**

COMES NOW, Plaintiff, **CRYSTAL SUCKIE**, by and through the undersigned attorneys and sues the Defendant, **CONN APPLIANCES, INC.,** and alleges as follows:

1.    This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.    Plaintiff is a natural person residing in Orange County, Florida.

3.      At all times material to this action, CONN APPLIANCES, INC. was a foreign profit corporation licensed to do business in the State of Florida.

4.      At all times material hereto, Defendant was the owner and in possession of a certain business known as CONN APPLIANCES, INC. located at 7404 West Colonial Drive, Orlando, Orange County, Florida 32818, said business being that of a retail store, open to the general public, including the Plaintiff herein.

5.      On or about November 11, 2021, Plaintiff, CRYSTAL SUCKIE, visited Defendant's premises located at the above address as a business invitee.

<u>**COUNT I – CLAIM OF NEGLIGENCE AGAINST**</u>
<u>**DEFENDANT, CONN APPLIANCES, INC.**</u>

6.      Plaintiff realleges and incorporates herein by reference paragraphs 1 through 5 above and further states:

7.      At said time and place, Plaintiff, CRYSTAL SUCKIE, was a guest at CONN APPLIANCES, INC., as described above, lawfully upon the premises of the Defendant, who owed Plaintiff a non-delegable duty to exercise reasonable care for her safety.

8.      At said time and place, Defendant breached its non-delegable duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a)      Negligently failing to maintain or adequately maintain the furniture, including the price tag plexy glass, to ensure safety from hazards to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b)      Negligently failing to inspect or adequately inspect the furniture, including the price tag plexy glass, as specified above, to ascertain whether the furniture constituted a dangerous hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c)  Negligently failing to inspect or adequately warn the Plaintiff of the danger of the furniture, including price tag plexy glass, when Defendant knew or through the exercise of reasonable care should have known that said furniture were unreasonably dangerous and that Plaintiff was unaware of same;

d)  Negligently failing to correct and/or maintain the unreasonably dangerous condition of the furniture on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e)  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the furniture for dangerous conditions;

f)  Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g)  Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition as well as inspections of the premises/flooring for dangerous conditions;

h)  Negligently failing to act reasonably under the circumstances;

i)  Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations (i.e., stacking) would result in dangerous conditions including, but not limited to, falling items, to the general public, including the Plaintiff herein;

j)  Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community; and

k)  Negligently failing to render aid to the Plaintiff after her fall and/or negligently rendering aid to the Plaintiff after her fall.

9.  As a result, while Plaintiff was visiting Defendant's business, a price tag plexy glass fell off of the display furniture and lacerated Plaintiff, sustaining injuries as set forth.

10.  As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability,

disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, the Plaintiff, CRYSTAL SUCKIE, sues the Defendant, CONN APPLIANCES, INC., for damages and demands judgment in excess of FIFTY Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury on all issues so triable.

Respectfully submitted this __20th___ day of __March_____, 2023

s/ Ty Hinnant
Ty Hinnant, Esquire
Florida Bar No.: 86772
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone:     (689) 219-2060
Facsimile:     (689) 219-2160
Primary Email: thinnant@forthepeople.com
Secondary email: gsaenz@forthepeople.com
Attorneys for Plaintiff

Filing # 173509754 E-Filed 05/18/2023 09:08:09 PM

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
## IN AND FOR ORANGE COUNTY, FLORIDA

### CASE NO:  2023-CA-003972-O

CRYSTAL SUCKIE,

        Plaintiff,

vs.

CONN APPLIANCE INC.,

        Defendant.

_____ /

### SUMMONS ON AMENDED

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**CONN APPLIANCE INC. ,**
**1200 South Pine Island Rd.**
**Plantation, FL  33324**

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on, **Michael Patrick, Esq.**, Morgan & Morgan, 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

      **If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, fax: 407-836-2204at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the**

12178597

**scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

WITNESS my hand and the seal of this Court on this the _____24_____ day of _____May, 2023_____

Tiffany Moore Russell
Clerk of the Circuit Court



By: _/s/ Takiana Didier_____
As Deputy Clerk

Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801

12178597

EXHIBIT E

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

**Michael Patrick, Esq.**
**Morgan & Morgan**
**20 North Orange Avenue, Suite 1600,**
**Orlando, Florida 32802**
**Telephone: (407) 420-1414**

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les

12178597

services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Michael Patrick, Esq.**
**Morgan & Morgan**
**20 North Orange Avenue, Suite 1600,**
**Orlando, Florida 32802**
**Telephone: (407) 420-1414**

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

12178597

EXHIBIT E

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

### CASE NO:  2023-CA-003972-O

CRYSTAL SUCKIE,

        Plaintiff,

vs.

CONN APPLIANCE INC.,

        Defendant.

_____ /

### NOTICE OF SERVICE OF INTERROGATORIES
### TO DEFENDANT, CONN APPLIANCE INC.

COMES NOW the Plaintiff, CRYSTAL SUCKIE, by and through the undersigned counsel, and hereby propounds the attached Interrogatories, numbered one (1) through four (4) to Defendant, CONN APPLIANCE INC., to be answered, under oath, within forty-five (45) days from date of service.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May , 2023, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and same will be furnished by Process Server to the Defendant along with the Summons and Complaint.

        */s/ Michael Patrick*
        Michael Patrick
        Bar No.: 1002537
        Morgan & Morgan, P.A.
        20 N Orange Ave., Suite 1600
        Orlando, Florida 32801
        Telephone: (407) 849-4624
        Primary Email:  mpatrick@forthepeople.com
        Attorneys for Plaintiff

12178597

## INTERROGATORIES TO DEFENDANT

*Please insert your answers in the space provided below each interrogatory. Should additional space be needed, please attach an extra sheet. "you" and "your" refer to the defendant to whom these interrogatories are directed. Defendant includes all agents, servants, or employees of the defendant.*

**Interrogatory 1.** Please state whether any incident report was prepared or statements taken by Defendant in response to the incident giving rise to this action, and if there was, please list the purpose of the incident report and statements, and name, address, and occupation of the current custodian of said incident report and statements.

**SWORN ANSWER:**

**Interrogatory 2.** Please list the full name, job title, and last known address of every employee, volunteer, or contractor working at the subject premises on the date of the subject accident or with duties to maintain the subject premises described in the operative Complaint.

**SWORN ANSWER:**

**Interrogatory 3.** Please state whether you have experienced any other substantially similar incidents on the premises involved in this action within 3 years prior to or 1 year following the date of incident. If your answer is yes, please list the name, address, occupation, and telephone number for each and every individual involved in said incidents and describe the status of the individual.

**SWORN ANSWER:**

**Interrogatory 4.** Please state your policies and procedures regarding dangerous conditions as described in the operative complaint and people being injured on Defendant's premises, including but not limited to rendering aid to injured customers on premises and performing maintenance, inspection, repair, or cleaning of dangerous conditions.

**SWORN ANSWER:**

12178597

2

EXHIBIT E

3
EXHIBIT E

**SIGNATURE PAGE**

Defendant, **CONN APPLIANCE INC.**

_____

(Signature on behalf of Defendant.)

_____

Print Name

_____

Title

STATE OF _____

COUNTY OF _____

     **BEFORE ME**, the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared _____ as _____ of Defendant, **CONN APPLIANCE INC.**, being first duly sworn, deposes and says that he/she read the Answers to the foregoing Interrogatories, and that they are true and correct to the best of his/her knowledge.

     **SWORN TO AND SUBSCRIBED** before me, this _____ day of _____, 202__.

_____

Notary Public (signature)

_____

Notary Public (type, print stamp commission)

My Commission Expires: _____

❑ Personally Known OR
❑ Produced Identification
❑ Type of Identification Produced: _____

12178597

4

EXHIBIT E

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

### CASE NO: 2023-CA-003972-O

**CRYSTAL SUCKIE,**

        **Plaintiff,**

**vs.**

**CONN APPLIANCE INC.**

        **Defendant.**

_____ /

### PLAINTIFF'S REQUEST FOR PRODUCTION
### TO DEFENDANT, CONN APPLIANCE INC.

      COMES NOW the Plaintiff, CRYSTAL SUCKIE, by and through the undersigned counsel and hereby requests that Defendant, CONN APPLIANCE INC., produce for inspection or copying the documents set forth below.  Defendant shall produce these documents at 20 N Orange Ave., Suite 1600 Orlando, Florida 32801 within forty-five (45) days after service of this Request for Production.

### I. Definitions

      A.      As used throughout this Request to Produce, the following terms are defined as follows:

      B.      "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and

revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.    "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.    If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.    "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.    "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents,

representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.      "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.      As may be used in these Request "and" is conjunctive (meaning, e.g., A <u>and</u> B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.      As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.      Description sufficient to identify.

2.      The date(s).

3.      The subject matter(s).

4.      The sender(s) or author(s).

5.      The recipient(s).

6.      The persons to whom copies were furnished, together with their job titles.

7.      The present depository or person having custody of the document.

8.      The nature and basis of privilege or immunity claimed.

9.      The paragraph(s) of this request to which each such document or statement relates or corresponds.

### III.  Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce **and** shall be made at the offices of Morgan & Morgan, P.A., 20 N Orange Ave., Suite 1600 Orlando, Florida 32801, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

### DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1. All written or printed declarations, reports, notes, or other recorded material, including but not limited to photographs or video recordings, relating to Plaintiff's accident or injuries, or the conditions that contributed to Plaintiff's accident.

2. All accident reports, incident reports, and similar reports prepared or generated by the Defendant or any of its agents or employees related to the incident giving rise to this lawsuit.

3. All policies, procedures, and written protocols utilized by defendant's employees or agents in its operation, maintenance, or inspection of the commercial property where the Plaintiff's accident occurred.

4. All contracts, agreements, or other documents relating to the operation, maintenance, repair, or inspection of the commercial property where the Plaintiff's accident occurred.

5. All documents demonstrating the nature and extent of the Defendant's ownership, occupation, or control over the commercial property where the Plaintiff's accident occurred.

6. All documents discussing hazards or unsafe conditions on the commercial property where the Plaintiff's accident occurred.

7. All documents, reports, or complaints received by the Defendant regarding the condition of the commercial property where the Plaintiff's accident occurred.

8. All documents, including maintenance logs or inspection records, relating to repairs or corrective measures taken on the property following the accident.

9. All communications, including but not limited to emails, letters, or memoranda, related to the conditions on the commercial property where Plaintiff's accident occurred.

10. A complete copy of any and all insurance policies that are written to cover the commercial property where Plaintiff's accident occurred.

11. A complete copy of all lease or rental agreements between the Defendant and any other property owners or tenants of the commercial property where Plaintiff's accident occurred.

12. All documents, whether originals or duplicates, which indicate acceptance by the defendant of the commercial property for maintenance, inspection or otherwise.

13. All documents relating to the inspection, alteration or repair of the commercial property where the Plaintiff's accident occurred.

14. All documents relating to the condition of the subject property within the six (6) months immediately prior to Plaintiff's accident.

15. All reports or documents reflecting any repairs, modifications, or renovations performed on the commercial property where Plaintiff's accident occurred.

16. All documents demonstrating the steps taken by Defendants to prevent accidents or injuries from occurring on the commercial property where Plaintiff's accident occurred.

17. Any and all correspondence or reports to and from any governmental agency or authority with jurisdiction over the commercial property where Plaintiff's accident occurred.

18. All licenses, certifications, or other forms of accreditation for the commercial property where Plaintiff's accident occurred, including any state or local building codes and regulations.

19. A complete copy of any and all contracts between the Defendant and any third-party vendors or contractors related to the property where Plaintiff's accident occurred.

20. All documents relating to the training or supervision of employees responsible for the operation, maintenance, or inspection of the commercial property where Plaintiff's accident occurred.

21. All documents concerning all similar accidents occurring on the premises, which may include accident report forms, investigation reports, photos, witness statements, and any other relevant data.

22. All documents relating to any prior lawsuits or administrative proceedings regarding the commercial property where Plaintiff's accident occurred.

23. Any and all written policies or procedures regarding the maintenance and upkeep of the commercial property where Plaintiff's accident occurred.

24. All videotapes or photographs of the area where plaintiff's accident occurred.

25. The personnel file of any employee of the company who caused, discovered or remedied any of the conditions or situations which led to plaintiff's accident.

26. All documents regarding the provision of or failure to provide warnings, signs, or other notice regarding the dangerous conditions on the commercial property where Plaintiff's accident occurred.

27. Any and all documents or reports, including emails or letters or text messages that relate to the Defendant's knowledge of the dangerous condition, including prior complaints or notices of defects at the commercial property where Plaintiff's accident occurred.

28. All documents, including any internal communications, that may have contributed to the decision-making process or affected the repair and maintenance of the commercial property where Plaintiff's accident occurred.

29. All financial or economic data related to the commercial property's operation, valuation, and sales history.

30. A complete copy of any and all photographs, audio, video or other recordings of the Plaintiff incident.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on May 15, 2023, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and same will bewill be furnished by Process Server to the Defendant along with the Summons and Complaint.

<u>*/s/ Michael Patrick*</u>
Michael Patrick
FBN: 1002537
Morgan & Morgan, P.A.
20 N Orange Ave., Suite 1600
Orlando, Florida 32801
Phone: (407) 849-4624

12178597                          EXHIBIT E
                                      6

Primary email: mpatrick@forthepeople.com
Attorneys for Plaintiff

EXHIBIT E

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
## IN AND FOR ORANGE COUNTY, FLORIDA

### CASE NO: 2023-CA-003972-O

CRYSTAL SUCKIE,

      Plaintiff,

vs.

CONN APPLIANCE INC.,

      Defendant.

_____ /

### NOTICE OF CHANGE OF ATTORNEY OF RECORD
### AND DESIGNATION OF EMAIL ADDRESSES

The law firm of Morgan & Morgan, P.A. hereby gives notice to the Court and the attorneys of record in the above-styled cause that Michael Patrick, Esquire, has taken over the handling of the above-styled cause, on behalf of the Plaintiff, CRYSTAL SUCKIE. All future pleadings and discovery shall be directed to Michael Patrick, Esquire, at the law firm of Morgan & Morgan, P.A.

Designation of Email Addresses for service of pleadings in compliance with Florida Rule of Judicial Administration 2.516; the primary and secondary email addresses will be:

mpatrick@forthepeople.com (Primary)

Morganservice@forthepeople.com (Secondary)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing shall be personally served upon Defendant(s), along with the Summons and Complaint.

/s/ *Michael Patrick*
Michael Patrick, Esquire

12178597

FBN: 1002537
Morgan & Morgan, P.A.
20 N Orange Ave., Suite 1600
Orlando, Florida 32801, FL 33324
Telephone: (407) 849-4624
Primary email: mpatrick@forthepeople.com
Secondary email: Morganservice@forthepeople.com

Attorneys for Plaintiff

12178597

IN THE COUNTY/CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE AND OSCEOLA COUNTY, FLORIDA

IN RE: CIVIL CASE MANAGEMENT PLAN AND ORDER

_____/

### STANDING CASE MANAGEMENT PLAN/ORDER
### (General Track)

**PURSUANT TO** *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts*, **Fla. Admin. Order No. AOSC20-23 (Amendment 12)[1]** (**April 13, 2021**), and Ninth Judicial Circuit Court Administrative Order No. 2021-04-01 (collectively the "Case Management Administrative Orders"), this case is before the Court for case management. Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen.
Prac. & Jud. Admin., the Court hereby establishes a case management plan. It is hereby

**ORDERED** that:

1.      COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER: THE parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS. If the parties believe that an alternate plan is required or more appropriate, then the parties shall meet, confer and agree on a plan that complies with the time standards set forth in Rule 2.250, Fla. R. Gen. Prac. & Jud. Admin. The parties may submit an agreed upon plan to the division judge for consideration, or set the matter for a case management conference.

2.      ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:
All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)**; (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02)** (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County (AO2017-04-01)** and (iv) **any division-specific guidelines that may be applicable**.

_____

[1] Administrative Order No. AOSC20-23 terminated at 12:01 a.m. on June 21, 2021 and was replaced by Administrative Order No. AOSC21-17.

3.     **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation <u>and</u> Court order in accordance with applicable law.

4.     **SERVICE OF THIS ORDER WITH INITIAL PROCESS:** Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case. Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

CASE MANAGEMENT PLAN – GENERAL TRACK
*Note: All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings: | Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Deadline for Completion of Fact and Expert Discovery: | 450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and *Daubert* Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case. A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 17 months<br>*Actual Date to be set by Trial Order* |
| Approximate Trial Date: | 18 months<br>*Actual date to be set by Trial Order* |

5. **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

6. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** in Orange/Osceola County, Florida.

_____
Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY: Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY: Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 04/29/2021

12178597

EXHIBIT E

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

### CASE NO: 2023-CA-003972-O

CRYSTAL SUCKIE

      Plaintiff,

vs.

CONN APPLIANCE INC. and JANE DOE,

      Defendants.

_____/

### **AMENDED COMPLAINT**

    **COMES NOW** Plaintiff, CRYSTAL SUCKIE (hereinafter "Plaintiff"), and sues Defendants, CONN APPLIANCE INC. (hereinafter "Defendant Owner") and JANE DOE, and alleges:

    1.    This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest, and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

    2.    Plaintiff is a natural person residing in Orange County, Florida.

12178597

3.     At all times material to this action, Defendant Owner is a business formed under the laws of the State of Florida and licensed to do business in the State of Florida.

4.     At all times material hereto, Defendant Owner was the owner and/or responsible party, and in possession of that certain business located at 7407 W. Colonial Drive, Orlando, FL 32818, (hereinafter "Subject Premises") said business being open to the general public, including the Plaintiff herein.

5.     Upon information and belief, Defendant, Jane Doe, is a natural person residing in Orange County, Florida.

6.     Upon information and belief, at all times material to this action Defendant, Jane Doe, was employed by Defendant, CONN APPLIANCE INC., as manager over the subject premises.

7.     At all times material hereto, Defendant Owner and Jane Doe expressly assumed responsibility for the maintenance and cleanliness of the aforementioned premises and had a duty to maintain same in a reasonably safe condition for the use of business invitees and guests.

8.     Venue is proper in this Court as Defendant Owner conducts its business operations within Orange County, Florida and the incident giving rise to this action occurred in Orange County, Florida.

9.     On or about 11/11/2021, Plaintiff visited the Subject Premises located at the above address.

10.     At said time and place, Plaintiff was lawfully upon the premises of Defendant Owner, who owed Plaintiff a non-delegable duty to exercise reasonable care for Plaintiff's safety.

11.     At that time and place, Plaintiff suddenly and without warning sustained injuries as a result of Defendant's breach of the duty owed to Plaintiff.

12178597

12.    As a result of the incident that occurred on or about 11/11/2021, Plaintiff sustained bodily injury.

## COUNT I-CLAIM OF NEGLIGENCE AGAINST DEFENDANT, CONN APPLIANCE INC.

13.    Plaintiff realleges the allegations in paragraphs 1 through 12 and further asserts:

14.    At all material times, Defendant Owner, through its agents and/or employees, owed a duty to its invitees and the public, to exercise reasonable and ordinary care to maintain the premises, located at 7407 W. Colonial Drive, Orlando, FL 32818, including the walkways, parking lots and adjacent areas thereto, in a condition reasonably safe for use by its invitees, and the public.

15.    At said time and place, Defendant Owner breached its non-delegable duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a)    Negligently failing to maintain or adequately maintain the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b)    Negligently failing to inspect or adequately inspect the premises, as specified above, to ascertain whether the cause of Plaintiff's injuries constituted a to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c)    Negligently failing to inspect or adequately warn the Plaintiff of the danger of the Subject Premises, when Defendant knew or through the exercise of reasonable care should have known that said Subject

12178597

EXHIBIT E

Premises was unreasonably dangerous and that Plaintiff was unaware of same;

d)  Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the Subject Premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e)  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the Subject Premises for dangerous conditions;

f)  Negligently failing to train and/or inadequately training its employees to inspect the Subject Premises for dangerous conditions;

g)  Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h)  Negligently failing to act reasonably under the circumstances;

i)  Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j)  Negligently engaging in a routine practice of business that was not the reasonable custom of the community;

12178597

k) Negligently failing to render aid to the Plaintiff after Plaintiff's injuries and/or negligently rendering aid to the Plaintiff after the injuries;

l) Negligently engaging in a routine practice of business that was unreasonable to what is customary for the relevant business community in and/or around where the subject incident occurred.

m) Negligently failing to install, maintain and provide a safe means of operating the Subject Premises;

n) Negligently selecting and/or utilizing equipment or materials that failed to provide a safe means of operating for members of the public, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known injuries were likely to occur on the Subject Premises.

16. As a result, while Plaintiff was lawfully visiting the Subject Premises, Plaintiff sustained injuries as set forth herein.

17. As a direct and proximate result of the negligence of Defendant Owner, Plaintiff suffered bodily injury in and about Plaintiff's body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

12178597

**WHEREFORE**, the Plaintiff, CRYSTAL SUCKIE, sues the Defendant, CONN APPLIANCE INC., for damages and demands judgment in excess of Fifty Thousand and One Dollars ($50,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II – CLAIM OF NEGLIGENCE AGAINST DEFENDANT, JANE DOE

18.     Plaintiff reaffirms the allegations in paragraphs 1-12 above and would further assert.

19.     Upon information and belief, at all times material to this action Defendant, Jane Doe, was employed by Defendant,  CONN APPLIANCE INC. as a store manager and was directly responsible for maintaining, managing, and operating the subject store and therefore is personally liable to Plaintiff. *White v. Wal-Mart Stores*, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2006): *Orlovsky v. Solid Surf*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

20.     At all times material to this action, Defendant, Jane Doe was directly responsible for executing Defendant, CONN APPLIANCE INC.'s previously described tortious conduct and is therefore personally liable to Plaintiff. *White*, 918 So. At 358: *Orlovsky*, 405 So. 2d at 1364.

21.     At all material times and by virtue of Defendant's management position with CONN APPLIANCE INC., Defendant, Jane Doe owed Plaintiff a duty to exercise reasonable and ordinary care to maintain Defendant Owner's premises in a condition reasonably safe for use by its invitees, and the public and to warn Plaintiff of any latent dangers in the store, or in its premises, and for supervising the employees working at said premises to ensure that they reasonably and safely maintained the premises and were in compliance with Defendant Owner's, policies and procedures.

22.     At said time and place, Defendant, Jane Doe breached these duties to Plaintiff by negligently failing to use reasonable care for the safety of the Plaintiff.

12178597

23.　　As a direct and proximate result of Defendant Jane Does's negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, CRYSTAL SUCKIE, sues the Defendant, JANE DOE, for damages and demands judgment in excess of Fifty Thousand and One Dollars ($50,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted on this day of May 15, 2023.

> _/s/ Michael Patrick_
> Michael Patrick, Esq.
> Florida Bar No.: 1002537
> Morgan & Morgan, P.A.
> 20 N Orange Ave., Suite 1600
> Orlando, Florida 32801
> Telephone: (407) 849-4624
> Primary email: mpatrick@forthepeople.com
> Attorneys for Plaintiff

Filing # 173509754 E-Filed 05/18/2023 09:08:09 PM

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
## IN AND FOR ORANGE COUNTY, FLORIDA

### CASE NO:  2023-CA-003972-O

CRYSTAL SUCKIE,

        Plaintiff,

vs.

CONN APPLIANCE INC.,

        Defendant.

_____ /

### SUMMONS ON AMENDED

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

        YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**CONN APPLIANCE INC. ,**
**1200 South Pine Island Rd.**
**Plantation, FL  33324**

        Each Defendant is hereby required to serve written defenses to said Complaint or Petition on, **Michael Patrick, Esq.**, Morgan & Morgan, 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

        **If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, fax: 407-836-2204at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the**

12178597

**scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

WITNESS my hand and the seal of this Court on this the ___24___ day of ___May, 2023___

Tiffany Moore Russell

Clerk of the Circuit Court



By: ___/s/ Takiana Didier___

As Deputy Clerk

**Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801**

12178597

EXHIBIT E

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

**Michael Patrick, Esq.**
**Morgan & Morgan**
**20 North Orange Avenue, Suite 1600,**
**Orlando, Florida 32802**
**Telephone: (407) 420-1414**

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar in estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les

12178597

services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Michael Patrick, Esq.**
**Morgan & Morgan**
**20 North Orange Avenue, Suite 1600,**
**Orlando, Florida 32802**
**Telephone: (407) 420-1414**

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

12178597

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2023, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and same will be furnished by Process Server to the Defendant all with the Summons.

> */s/ Michael Patrick*
> Michael Patrick, Esq.
> Florida Bar No.: 1002537
> Morgan & Morgan, P.A.
> 20 N Orange Ave., Suite 1600
> Orlando, Florida 32801
> Telephone: (407) 849-4624
> Primary email: mpatrick@forthepeople.com
> Attorneys for Plaintiff

12178597

EXHIBIT E

# RETURN OF SERVICE

Court Stamp Here

| Court | IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA | |
|---|---|---|
| **Plaintiff** | **CRYSTAL SUCKIE** | Case # **2023-CA-003972-O** |
| **Defendant** | **CONN APPLIANCE INC.** | Hearing Date |
| **Person to be Served** | CONN APPLIANCE INC. c/o C T Corporation System | Came to Hand Date/Time **5/25/2023    5:52 PM** |
| **Manner of Service** | Corporate | Service Date/Time **5/26/2023    10:04 AM** |
| **Documents** | Standing Order;SUMMONS ON AMENDED;AMENDED COMPLAINT;NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT;PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT;CIVIL COVER SHEET;NOTICE OF CHANGE OF ATTORNEY OF RECORD AND DESIGNATION OF EMAIL ADDRESSES | |

On 5/26/2023 at:
**1200 South Pine Island Rd., Plantation, FL 33324** I served **CONN APPLIANCE INC. c/o C T Corporation System** by:

Leaving **1** copy(ies) of this process with **Monica Myrick**, a person authorized to accept service and informed that person of the contents thereof, with the date and hour of service endorsed thereon by me.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Monica Myrick who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 35-45 years of age, 5'4"-5'6" tall and weighing 120-140 lbs**

Notary not required pursuant to F.S. 92.525(2).

I am over 18 years of age, not a party to nor interested in this case and I have the proper authority in the jurisdiction where I effected service, pursuant to Florida Statute Chapter 48. Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Joseph S Marker | 613 | 5/27/23 |
|---|---|---|
| | Process Server ID | Date Executed |

Ref  12178597




EXHIBIT E

Morgan and Morgan
Plantation

Tracking # 0107360075


## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
## IN AND FOR ORANGE COUNTY, FLORIDA

### CASE NO:  2023-CA-003972-O

**CRYSTAL SUCKIE,**

        **Plaintiff,**

**vs.**

**CONN APPLIANCE INC.,**

        **Defendant.**

_____ /

### SUMMONS ON AMENDED

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

          **CONN APPLIANCE INC. ,**
          **1200 South Pine Island Rd.**
          **Plantation, FL  33324**

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on, **Michael Patrick, Esq.**, Morgan & Morgan, 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

      **If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, fax: 407-836-2204 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the**

12178597

**scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

WITNESS my hand and the seal of this Court on this the ___24___ day of

___May, 2023___

Tiffany Moore Russell
Clerk of the Circuit Court



By: ___/s/ Takiana Didier___
As Deputy Clerk

Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801

12178597

EXHIBIT E

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

**Michael Patrick, Esq.**
**Morgan & Morgan**
**20 North Orange Avenue, Suite 1600,**
**Orlando, Florida 32802**
**Telephone: (407) 420-1414**

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les

12178597

services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Michael Patrick, Esq.**
**Morgan & Morgan**
**20 North Orange Avenue, Suite 1600,**
**Orlando, Florida 32802**
**Telephone: (407) 420-1414**

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

12178597

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA**

### CASE NO:  2023-CA-003972-O

**CRYSTAL SUCKIE,**

          **Plaintiff,**

**vs.**

**CONN APPLIANCE INC.,**

          **Defendant.**

_____ /

### NOTICE OF SERVICE OF INTERROGATORIES
### TO DEFENDANT, CONN APPLIANCE INC.

COMES NOW the Plaintiff, CRYSTAL SUCKIE, by and through the undersigned counsel, and hereby propounds the attached Interrogatories, numbered one (1) through four (4) to Defendant, CONN APPLIANCE INC., to be answered, under oath, within forty-five (45) days from date of service.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May , 2023, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and same will be furnished by Process Server to the Defendant along with the Summons and Complaint.

          _/s/ Michael Patrick_
          Michael Patrick
          Bar No.: 1002537
          Morgan & Morgan, P.A.
          20 N Orange Ave., Suite 1600
          Orlando, Florida 32801
          Telephone: (407) 849-4624
          Primary Email:  mpatrick@forthepeople.com
          Attorneys for Plaintiff

## INTERROGATORIES TO DEFENDANT

*Please insert your answers in the space provided below each interrogatory. Should additional space be needed, please attach an extra sheet. "you" and "your" refer to the defendant to whom these interrogatories are directed. Defendant includes all agents, servants, or employees of the defendant.*

**Interrogatory 1.** Please state whether any incident report was prepared or statements taken by Defendant in response to the incident giving rise to this action, and if there was, please list the purpose of the incident report and statements, and name, address, and occupation of the current custodian of said incident report and statements.

**SWORN ANSWER:**

**Interrogatory 2.** Please list the full name, job title, and last known address of every employee, volunteer, or contractor working at the subject premises on the date of the subject accident or with duties to maintain the subject premises described in the operative Complaint.

**SWORN ANSWER:**

**Interrogatory 3.**    Please state whether you have experienced any other substantially similar incidents on the premises involved in this action within 3 years prior to or 1 year following the date of incident. If your answer is yes, please list the name, address, occupation, and telephone number for each and every individual involved in said incidents and describe the status of the individual.

**SWORN ANSWER:**

**Interrogatory 4.**    Please state your policies and procedures regarding dangerous conditions as described in the operative complaint and people being injured on Defendant's premises, including but not limited to rendering aid to injured customers on premises and performing maintenance, inspection, repair, or cleaning of dangerous conditions.

**SWORN ANSWER:**

3
EXHIBIT E

## <u>SIGNATURE PAGE</u>

Defendant, **CONN APPLIANCE INC.**

_____

(Signature on behalf of Defendant.)

_____

Print Name

_____

Title

STATE OF _____

COUNTY OF _____

     **BEFORE ME**, the undersigned authority, duly licensed to administer oaths and take

acknowledgments, personally appeared _____ as

_____ of Defendant, **CONN APPLIANCE INC.**, being first duly sworn,

deposes and says that he/she read the Answers to the foregoing Interrogatories, and that they are true

and correct to the best of his/her knowledge.

     **SWORN TO AND SUBSCRIBED** before me, this _____ day of

_____, 202__.

_____

Notary Public (signature)

_____

Notary Public (type, print stamp commission)

My Commission Expires: _____

❑ Personally Known OR
❑ Produced Identification
❑ Type of Identification Produced: _____

# IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

### CASE NO: 2023-CA-003972-O

CRYSTAL SUCKIE,

        Plaintiff,

vs.

CONN APPLIANCE INC.

        Defendant.

_____ /

### PLAINTIFF'S REQUEST FOR PRODUCTION
### TO DEFENDANT, CONN APPLIANCE INC.

COMES NOW the Plaintiff, CRYSTAL SUCKIE, by and through the undersigned counsel and hereby requests that Defendant, CONN APPLIANCE INC., produce for inspection or copying the documents set forth below. Defendant shall produce these documents at 20 N Orange Ave., Suite 1600 Orlando, Florida 32801 within forty-five (45) days after service of this Request for Production.

### I. Definitions

A.      As used throughout this Request to Produce, the following terms are defined as follows:

B.      "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and

revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.      "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.      If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.      "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.      "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents,

EXHIBIT E
2

representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.      "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.      As may be used in these Request "and" is conjunctive (meaning, e.g., A <u>and</u> B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.      As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.      Description sufficient to identify.

2.      The date(s).

3.      The subject matter(s).

4.      The sender(s) or author(s).

5.      The recipient(s).

6.      The persons to whom copies were furnished, together with their job titles.

7.      The present depository or person having custody of the document.

8.      The nature and basis of privilege or immunity claimed.

9.      The paragraph(s) of this request to which each such document or statement relates or corresponds.

### III.  Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce **and** shall be made at the offices of Morgan & Morgan, P.A., 20 N Orange Ave., Suite 1600 Orlando, Florida 32801, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

### DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1. All written or printed declarations, reports, notes, or other recorded material, including but not limited to photographs or video recordings, relating to Plaintiff's accident or injuries, or the conditions that contributed to Plaintiff's accident.

2. All accident reports, incident reports, and similar reports prepared or generated by the Defendant or any of its agents or employees related to the incident giving rise to this lawsuit.

3. All policies, procedures, and written protocols utilized by defendant's employees or agents in its operation, maintenance, or inspection of the commercial property where the Plaintiff's accident occurred.

4. All contracts, agreements, or other documents relating to the operation, maintenance, repair, or inspection of the commercial property where the Plaintiff's accident occurred.

EXHIBIT E

5. All documents demonstrating the nature and extent of the Defendant's ownership, occupation, or control over the commercial property where the Plaintiff's accident occurred.

6. All documents discussing hazards or unsafe conditions on the commercial property where the Plaintiff's accident occurred.

7. All documents, reports, or complaints received by the Defendant regarding the condition of the commercial property where the Plaintiff's accident occurred.

8. All documents, including maintenance logs or inspection records, relating to repairs or corrective measures taken on the property following the accident.

9. All communications, including but not limited to emails, letters, or memoranda, related to the conditions on the commercial property where Plaintiff's accident occurred.

10. A complete copy of any and all insurance policies that are written to cover the commercial property where Plaintiff's accident occurred.

11. A complete copy of all lease or rental agreements between the Defendant and any other property owners or tenants of the commercial property where Plaintiff's accident occurred.

12. All documents, whether originals or duplicates, which indicate acceptance by the defendant of the commercial property for maintenance, inspection or otherwise.

13. All documents relating to the inspection, alteration or repair of the commercial property where the Plaintiff's accident occurred.

14. All documents relating to the condition of the subject property within the six (6) months immediately prior to Plaintiff's accident.

15. All reports or documents reflecting any repairs, modifications, or renovations performed on the commercial property where Plaintiff's accident occurred.

16. All documents demonstrating the steps taken by Defendants to prevent accidents or injuries from occurring on the commercial property where Plaintiff's accident occurred.

17. Any and all correspondence or reports to and from any governmental agency or authority with jurisdiction over the commercial property where Plaintiff's accident occurred.

18. All licenses, certifications, or other forms of accreditation for the commercial property where Plaintiff's accident occurred, including any state or local building codes and regulations.

19. A complete copy of any and all contracts between the Defendant and any third-party vendors or contractors related to the property where Plaintiff's accident occurred.

20. All documents relating to the training or supervision of employees responsible for the operation, maintenance, or inspection of the commercial property where Plaintiff's accident occurred.

21. All documents concerning all similar accidents occurring on the premises, which may include accident report forms, investigation reports, photos, witness statements, and any other relevant data.

22. All documents relating to any prior lawsuits or administrative proceedings regarding the commercial property where Plaintiff's accident occurred.

23. Any and all written policies or procedures regarding the maintenance and upkeep of the commercial property where Plaintiff's accident occurred.

24. All videotapes or photographs of the area where plaintiff's accident occurred.

25. The personnel file of any employee of the company who caused, discovered or remedied any of the conditions or situations which led to plaintiff's accident.

26. All documents regarding the provision of or failure to provide warnings, signs, or other notice regarding the dangerous conditions on the commercial property where Plaintiff's accident occurred.

27. Any and all documents or reports, including emails or letters or text messages that relate to the Defendant's knowledge of the dangerous condition, including prior complaints or notices of defects at the commercial property where Plaintiff's accident occurred.

28. All documents, including any internal communications, that may have contributed to the decision-making process or affected the repair and maintenance of the commercial property where Plaintiff's accident occurred.

29. All financial or economic data related to the commercial property's operation, valuation, and sales history.

30. A complete copy of any and all photographs, audio, video or other recordings of the Plaintiff incident.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 15, 2023, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts eFiling Portal and same will bewill be furnished by Process Server to the Defendant along with the Summons and Complaint.

*/s/ Michael Patrick*
Michael Patrick
FBN: 1002537
Morgan & Morgan, P.A.
20 N Orange Ave., Suite 1600
Orlando, Florida 32801
Phone: (407) 849-4624

EXHIBIT E
6

Primary email: mpatrick@forthepeople.com
Attorneys for Plaintiff

EXHIBIT E
7

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA**

**CASE NO: 2023-CA-003972-O**

**CRYSTAL SUCKIE**                                                          **PLAINTIFF**

**VS**

**CONN APPLIANCE INC. and JANE DOE**                          **DEFENANTS**

**NOTICE OF FILING OF NOTICE OF REMOVAL**

TO THE CLERK OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA:

PLEASE TAKE NOTICE that Pursuant to 28 U.S.C. Sections 28 U.S.C. § 1331, 28 U.S.C. § 1441 (a), and 28 U.S.C. § 1367(a), Conn Appliances, Inc. did, on the ____day of June, 2023, file a Notice of Removal in the United States District Court for the Middle District of Florida, Orlando Division, a copy of which is attached hereto as *Exhibit "A,"* and that said matter shall proceed hereafter in the United States District Court for the Middle District of Florida, Orlando Division.

Respectfully submitted, this the _____ day of June, 2023.

By: */s/James L. Banks, IV*_____
JAMES L. BANKS, IV, FL Bar #1035232
FORMAN WATKINS & KRUTZ LLP
210 East Capitol St., Ste. 2200
Jackson, MS  39201-4099
Post Office Box 22608
Jackson, MS  39225-2608
Telephone:  (601) 974-8713
Facsimile:  (601) 960-8613
Jake.Banks@formanwatkins.com

*Counsel for Defendant, Conn Appliances, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June ___, 2023  I electronically filed the foregoing with the Clerk

of the Court using the ECF system, which sent notification to all counsel of record.

*/s/ James L. Banks*
JAMES L. BANKS, IV, FL Bar 1035232

Page 2